UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL CASE NO. |
| | : | 3:14-CR-64 (JCH) |
| v. | : | |
| | : | |
| ANGELA D. MARTIN, | : | MARCH 12, 2021 |
| Defendant. | : | |

**RULING ON MOVANT'S MOTION TO RECONSIDER (DOC. NO. 65)**

Jesse Davenport ("Davenport"), now referring to himself as D. John Flama, moved to unseal and disclose portions of the Presentence Investigation Report ("PSR") and other documents related to the sentencing of Angela Denise Martin ("Martin").  Mot. to Unseal Documents (Doc. No. 57).  On October 27, 2020, the court denied that Motion.  Ruling (Doc. No. 62).  Davenport now moves this court to reconsider its Ruling, as well as to strike or amend portions of the Ruling.  Mot. for Reconsideration and to Strike or Amend Portions of the Previous Order ("Motion") (Doc. No. 65).

In its Ruling, this court made certain findings, but did not reach Davenport's request for Martin's Sentencing Memorandum and Exhibits and the Sealed Sentencing Transcript, on the ground that there was nothing before the court to show he could obtain these documents if the court ordered their release.  Ruling at 8.  Davenport has now shown he could obtain the documents if the court ordered their release.  See Motion at 8 ¶¶ 3-4 (Declaration of Timothy Zindel).

With regard to these other documents, the court finds there is no compelling need to disclose them.  First, these additional documents—materials submitted by Martin in connection with her sentencing—include her sentencing memorandum,

1

medical records, and evaluations. Second, they contain information from the PSR. Third, the court finds that they are not relevant to the issues Davenport seeks to contest at his sentencing. They, like the PSR, are not exculpatory. Finally, as with the PSR, Davenport has not shown a compelling need for the sentencing material. See Ruling at 5-7.

In his Motion for Reconsideration and to Strike, Davenport makes two arguments. First, he argues that this court found facts erroneously. See Motion at 2-3. Upon review of the record and the Ruling, the court denies Davenport's request to amend its Ruling. As stated in the Ruling, Davenport was convicted of conspiracy, with Martin, to produce child pornography that involved digital penetration by Martin. Ruling at 1-2. Further, the court made clear that, while Davenport conspired to produce the video, he was not the adult depicted in it. Id. at 2 ("The video depicted a woman, later determined to be Martin, digitally penetrating a three-year-old's vagina and simulating oral sex on her.").

Second, Davenport argues that the court should reconsider its Ruling denying disclosure of Martin's PSR and Supplement. The court denies this aspect of Davenport's Motion. In the Second Circuit, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also D. Conn. L. Civ. R. 7(c). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court.

See Shrader, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided."). Neither can a party succeed by relying on arguments raised for the first time in the motion to reconsider when those arguments could have been raised prior to the court's initial decision. See Phillips v. City of New York, 775 F.3d 538, 544 (2d Cir. 2015) (concluding that "[t]hose arguments were raised for the first time in plaintiffs' motion for reconsideration and therefore were not properly presented to the district court"). Davenport does not cite to controlling case law or evidence this court overlooked. Essentially, he seeks to reargue.

For all these reasons, the Motion for Reconsideration and to Strike or Amend Portions of the Previous Order (Doc. No. 65) is denied in its entirety.

**SO ORDERED.**

Dated at New Haven, Connecticut this 12th day of March 2021.

                                             /s/ Janet C. Hall
                                             Janet C. Hall
                                             United States District Judge